UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMY WEIDIG SHOEMAKER                                    CIVIL ACTION

VERSUS

MICHAEL L. SHOEMAKER                                    NO. 09-0440-JJB-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___15th___ day of September, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

AMY WEIDIG SHOEMAKER                                          CIVIL ACTION

VERSUS

MICHAEL L. SHOEMAKER                                          NO. 09-0440-JJB-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the pro se petitioner's application seeking to remove a pending domestic matter from state family court to federal district court and also to assert a third-party claim against numerous persons essentially unconnected with the principal claim. From his pleadings, it appears that suit was originally filed in the Family Court for the Parish of East Baton Rouge, State of Louisiana, in December, 2008, by the petitioner's ex-wife, seeking a determination relative to child support. On or about May 28, 2009, the defendant-petitioner, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed a reconventional demand in the Family Court, naming as third-party defendants (1) attorneys who represented him during criminal proceedings in 2004 and 2005 and who represented him in connection with a civil claim arising in 2005, (2) an Episcopal Archdeacon who allegedly founded the Episcopal Prison Ministry at LSP, who acted as marriage counselor to the petitioner prior to the petitioner's arrest in 2004, and who became involved in the creation of a documentary film regarding the Episcopal Prison Ministry at LSP, wherein the petitioner is a featured subject, (3) a social worker who acted as marriage counselor to the petitioner and who allegedly improperly provided him with medication prior to his 2004 arrest, the side-effects of which medication allegedly resulted in his committing the criminal offenses for which he is now confined, (4) the Episcopal Church of the United States, and (5) the National Director of Prison Ministry for the Episcopal Church, who allegedly participated in the creation of the above-referenced documentary film. The gravamen of the third-party demand

appears to relate principally to the plaintiff's belief that he is legally innocent of the offense of which he was convicted in 2005, that the offense was in fact committed under the influence of an improperly administered medication, that the third-party defendants have worked in concert to suppress this fact, both during his criminal trial and thereafter, and that he has been ill-treated and ill-represented in connection with the referenced documentary film which portrays him in an unfair and negative light.

Now, in the instant proceeding in this Court, filed on July 7, 2009, and entitled, "Notice of Removal", the petitioner seeks to remove the pending domestic matter to this Court and to assert, in a voluminous amended Complaint, his third-party demand as above-related, adding claims against the Head Warden at LSP, Episcopal ministers who have allegedly provided services at LSP, and the attorney who is representing his ex-wife in the principal litigation in Family Court.

In support of his right to removal, the petitioner invokes the provisions of 28 U.S.C. § 1443, which provides that a defendant may remove a civil action from state to federal court if he has been "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States ...." The federal courts, however, have consistently construed the removal provisions of § 1443 narrowly and have mandated strict satisfaction with both the "civil rights" element of this statute and the "enforcement" element which is intrinsic within it. Thus, the two-prong inquiry for testing the sufficiency of a removal petition under this section has been stated as follows:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." ... Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specific federal rights "in the courts of [the] State."

Emphasis added. Smith v. Winter, 717 F.2d 191 (5th Cir. 1983). See also Williams v. Mississippi, 608 F.2d 1021 (5th Cir. 1979), cert. denied, 449 U.S. 804, 101 S.Ct. 49, 66 L.Ed.2d 8 (1980), quoting Johnson v. Mississippi, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

In the instant case, the petitioner's makes no reference to purported racial discrimination nor to any specific federal statute "providing for specific civil rights stated in terms of racial equality." Rather, he states in his Amended Complaint that jurisdiction relative to his claims is based on 42 U.S.C. § 1983, which statute provides only generally for recovery against persons who, acting under color of state law, intentionally deprive a claimant of his constitutional rights. Because the first prong of the above-referenced test, however, demands that the claimed civil rights arise under laws phrased <u>specifically</u> in terms of racial equality rather than generally in terms of equality for all citizens comprehensively, the Courts have held that claims asserted only under 42 U.S.C. § 1983, which is a non-racially oriented statute and which is the principal federal statute cited by the petitioner herein, do not meet this test. See <u>Georgia v. Rachel</u>, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); <u>Smith v. Winter</u>, <u>supra</u>. Accordingly, it is clear that the petitioner's pleadings fail to establish a basis for removal jurisdiction under § 1443 and that this matter should be summarily remanded to the state Family Court. See <u>Muhammad v. Muhammad</u>, 78 Fed.Appx. 942 (5th Cir. 2003)(upholding remand of domestic matter removed under § 1443).

Further, and in the alternative, although not invoked by the petitioner, to the extent that he may seek entitlement to removal of this proceeding under the general removal statute, 28 U.S.C. § 1441(a) or (b), which statute provides for removal based upon either federal question or diversity jurisdiction, the petitioner's pleadings do not support such removal. First, a review of the original petition filed by the petitioner's ex-wife in the Family Court for the Parish of East Baton Rouge, State of Louisiana, entitled "Rule to Establish Child Support", reflects that there are no issues of federal law asserted therein. Rather, the petition seeks only to establish entitlement to child support payments from the petitioner under state law. The petitioner is not allowed to create federal jurisdiction by seeking to assert federal issues in a third-party demand which is essentially unrelated to the principal demand. Further, the parties are clearly not of diverse citizenship, and even if they were, the federal courts have long maintained a domestic relations exception to federal

diversity jurisdiction, founded on "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." Crouch v. Crouch, 566 F.2d 486 (5th Cir. 1978); Jagiella v. Jagiella, 647 F.2d 561 (5th Cir. 1981); Franks v. Smith, 717 F.2d 183 (5th Cir. 1983); Goins v. Goins, 777 F.2d 1059 (5th Cir. 1985). Accordingly, the petitioner has not sustained his burden of establishing removal jurisdiction in this Court, and this matter should be summarily remanded to the state Family Court.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for removal be dismissed, and that this matter be summarily remanded to the Family Court for the Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, this 15th day of September, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE